IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CORDARIOUS Q. WILLIS**     **PLAINTIFF**
**ADC #162742**

v.     No: 4:22-cv-00828-KGB-PSH

**MARSHALL DALE REED,** *et al.*     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Cordarious Q. Willis filed a *pro se* complaint on September 12, 2022 (Doc. No. 2). In its Initial Order for *Pro Se* Prisoner Plaintiffs (Doc. No. 3), the Court notified Willis of his obligation to comply with the Local Rules for the Eastern District of Arkansas, including the obligation to notify the Clerk and parties to the proceedings of any change of address. The Court also notified Willis that if he failed

to respond to communication from the Court within thirty days, his case may be dismissed without prejudice. *Id.*, citing Local Rule 5.5(c)(2).

Because the Court became aware that Willis may no longer be in the custody of the Arkansas Division of Correction, it entered an order on February 6, 2024 directing Willis to provide notice of his current mailing address no later than thirty days from that date. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's February 6 order could not be delivered to Willis because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 29.

More than 30 days have passed, and Willis has not complied or otherwise responded to the February 6 order. He has also failed to comply with the requirement of Local Rule 5.5(c)(2) that he notify the Clerk and parties of a change of address. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Willis' complaint (Doc. No. 2) be dismissed without prejudice and the Defendants' motion for summary judgment (Doc. No. 24) should denied as moot.

DATED this 13th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE